IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRCT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Tyrelle Kelley, | ) | Civil Action No.: 2:17-2426-DCN |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT FOR PERSONAL INJURY
UNDER THE FEDERAL TORT CLAIMS ACT**

The Plaintiff, brings this Complaint against the above named Defendant, and would respectfully show unto this Honorable Court as follows:

**NATURE OF THE CASE**

1. This is a medical malpractice action claiming damages suffered by the Plaintiff as a direct and proximate result of the Defendant's failure to properly administer anesthesia and monitor a patient during and after an ECT procedure.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1346(b)(1) because the Plaintiff seeks to recover money damages for personal injury caused by the wrongful acts and omissions of employees of the government while acting within the scope of their office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. A

private person under the law of South Carolina would be liable for negligently providing medical treatment to Plaintiff and that proximately caused his injuries under the circumstances alleged in this Complaint.

3. Plaintiff timely filed a Standard Form 95 in December 2015 pursuant to the requirements of the Federal Tort Claims Act. On March 28, 2017, the Department of Veterans Affairs denied the claim, thereby establishing jurisdiction in this Court pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2675. This Complaint is filed within six months of the Department of Veterans Affairs denial of the Standard Form 95.

4. The acts and omissions complained of herein by the Defendant occurred within the County of Charleston, State of South Carolina, thus rendering jurisdiction and venue proper within this Court pursuant to 28 U.S.C. § 1402(b). Furthermore, attached to the Complaint is the Affidavit of Jeffrey Cocozzo, M.D., a physician licensed to practice in the State of Florida. This affidavit is attached pursuant to S.C. Code Ann. §15-36-100.

## PARTIES

5. The Plaintiff, Tyrelle Kelley, is a citizen and resident of Horry County, South Carolina.

6. The Plaintiff was treated at the Ralph H. Johnson VAMC ("Johnson VAMC"), which is a federally owned hospital located at 109 Bee Street, Charleston, SC 29401 in Charleston County. The Ralph H. Johnson VAMC is owned and operated by the United States Department of Veterans Affairs. At all times mentioned herein, this Defendant was acting by and through its agents, servants, and/or employees, and had a doctor/patient relationship with the Plaintiff.

**STATEMENT OF FACTS**

7. The Plaintiff, Tyrelle Kelley, was a 36 year old veteran who, under the advice of his mental health provider, entered into the VA inpatient program to help with his severe PTSD and chronic pain. His medical history included: Type 2 diabetes mellitus, hypertension, major depression, chronic back pain, PTSD, GERD, and osteoarthritis.

8. On August 31, 2015, his psychiatrist, Michael G. Huber, M.D. performed an ECT on Mr. Kelley. Dr. Kim Payne was the anesthesiologist. Immediately following the procedure, Mr. Kelley had transient O2 desaturation and there was evidence of vomitus upon removal of the OPA.

9. Shortly after the procedure Mr. Kelley developed respiratory failure and his chest x-ray showed an ARDS pattern. That same day, he was transferred to the ICU at the Medical University of South Carolina. As a result, he sustained permanent injuries, to include hypoxic brain damage.

**FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANT**
**(Negligence/Medical Malpractice)**

10. The Plaintiff incorporates by reference each and every paragraph of this Complaint as if fully set forth herein.

11. The above set forth incidents and the Plaintiff's resulting injuries and damages were proximately caused by the negligence, grossly negligent, reckless, willful, and wanton acts of the Defendant, by and through its agents, servants, and/or employees in one, more, or all of the following particulars:

    a) In failing to provide the proper screening prior to administering anesthesia;

    b) In failing to consider Plaintiff's medical history prior to administering anesthesia;

    c) In failing to properly administer anesthesia;

    d) In failing to timely treat a patient with respiratory failure;

    e) In failing to properly monitor Plaintiff's condition after administering anesthesia;

    f) In failing to properly monitor Plaintiff's condition after an ECT procedure; and

    g) In other particulars that will be developed in discovery.

12. As a direct and proximate result of the aforementioned acts and/or omissions on behalf of the Defendant, the Plaintiff has unjustifiably suffered, and further has suffered ACTUAL, CONSEQUENTIAL and PUNITIVE DAMAGES.

**WHEREFORE**, the Plaintiff prays judgment against the Defendant for ACTUAL, CONSEQUENTIAL, and PUNITIVE DAMAGES, together with the costs of this action, and for such other and further relief as this Court may deem fit, just, and proper.

Respectfully Submitted,

s/ J. Edward Bell, III
J. Edward Bell, III     (Federal ID: 1280)
Deloris K. Cromartie  (Federal ID: 11120)
Bell Legal Group, LLC
219 North Ridge Street
Post Office Box 2590 (29442)
Georgetown, South Carolina 29440
TEL:   (843) 546-2408
FAX:   (843) 546-9604

ATTORNEYS FOR THE PLAINTIFF

September 11, 2017
Georgetown, South Carolina